**\*\* E-filed 06/15/2009\*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AKBAR ABDOLLAHI and PARVIN ABDOLLAHI, individuals,<br><br>  Plaintiffs,<br>  v.<br><br>WASHINGTON MUTUAL, FA; WEST COAST FINANCIAL CORPORATION, a California corporation, JP MORGAN CHASE, a New York corporation and DOES 1–100, inclusive,<br><br>  Defendants. | No. C09-00743 HRL<br><br>**ORDER (1) GRANTING DEFENDANT JPMORGAN'S MOTION TO DISMISS AND (2) RESCHEDULING CASE MANAGEMENT CONFERENCE**<br><br>[Re: Docket No. 11] |

Plaintiffs Akbar and Parvin Abdollahi purchased a home in Los Altos, California in November 2006 using an adjustable-rate, interest-only loan from Washington Mutual Bank ("Washington Mutual"). West Coast Financial Corporation ("West Coast") acted as the broker for the loan. The loan was secured by a deed of trust on the property with Washington Mutual as the beneficiary. In 2008, Defendant JPMorgan Chase Bank, N.A. ("JPMorgan") acquired certain Washington Mutual assets and liabilities from the Federal Deposit Insurance Corporation, including—apparently—the Abdollahis' note and deed of trust. Plaintiffs later tried to refinance their loan after experiencing cash flow problems, but were unsuccessful.

In February 2009, the Abdollahis sued Washington Mutual, West Coast,[1] JPMorgan, and unnamed defendants, pleading twelve claims for relief based on federal and state consumer

---

[1] Plaintiffs have not yet served West Coast with the complaint.

protection and discrimination statutes as well as common law. JPMorgan, for itself and as the acquirer of certain Washington Mutual assets and liabilities, responded to the complaint with a motion to dismiss for failure to state a claim.[2] Plaintiffs filed opposition to the motion, but did not appear at the hearing. Upon consideration of the matter, the court grants defendant JPMorgan's motion to dismiss.

## LEGAL STANDARD

### 1. Motion to Dismiss for Failure to State a Claim

On motion, a court may dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The federal rules require that a complaint include a "short and plain statement" showing plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Yet, only plausible claims for relief will survive a motion to dismiss. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). A claim is plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. Accordingly, the complaint must "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1950. General allegations of discrimination or simply tracking statutory language is therefore insufficient to properly raise a claim for relief. *Bell Atlantic Corp.*, 550 U.S. at 555.

### 2. JPMorgan's Request for Judicial Notice

JPMorgan requests judicial notice of documents filed with the Santa Clara County Recorder's office describing plaintiffs' deed of trust and associated riders. The court properly may take notice of these documents, *see* Fed. R. Evid. 201(b), and JPMorgan's request is granted.

///

///

---

[2] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties who have appeared in this action have expressly consented that all proceedings may be heard and finally adjudicated by the undersigned. Those defendants who have not been served are not deemed to be "parties" to the action within the rules requiring consent to magistrate judge jurisdiction. See *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995); see also *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1998).

2

# DISCUSSION

## A. Successor Liability

As a preliminary matter, JPMorgan asserts it is not liable for any wrongdoing by Washington Mutual because it was not the originating lender on the Abdollahis' mortgage. Plaintiffs argue that JPMorgan, as the successor in interest to Washington Mutual's assets, impliedly assumed responsibility for Washington Mutual's liabilities. A purchaser can assume the seller's liabilities where "there is an express or implied agreement of assumption." *See Ray v. Alad Corp.*, 19 Cal. 3d 22, 28 (1977). The Abdollahis pled that JPMorgan purchased Washington Mutual and that JPMorgan "stands in the shoes" of Washington Mutual as a result. (Compl. ¶ 7.) JPMorgan admits it acquired certain Washington Mutual assets and liabilities and became the successor in interest to plaintiffs' deed of trust. Whether JPMorgan assumed Washington Mutual's liability as it pertains to plaintiffs' mortgage is a question of fact, not a proper subject of a motion to dismiss.

## B. Claim One: Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*

The Abdollahis allege that defendants violated TILA when they refused to validate plaintiffs' loan or provide disclosures concerning the loan's true finance charges and fees. They further allege defendants improperly retained plaintiffs' funds and refused to disclose the ownership status of the loan. Plaintiffs seek rescission of the loan[3] and other remedies.

JPMorgan asserts that plaintiffs' claim fails because it is beyond TILA's statute of limitation. The statute of limitation for actions brought under TILA is "one year from the occurrence of the violation." 15 U.S.C. § 1640(e). The plaintiffs received the loan in November 2006, but did not file suit until more than two years later, in February 2009. Plaintiffs counter that the statute was equitably tolled.

Plaintiffs fail to raise a plausible claim that TILA's statute of limitation was equitably tolled. Equitable tolling of a statute of limitation can occur "until the borrower discovers or had

---

[3] The right to rescind under TILA does not apply to "residential mortgage transactions." 15 U.S.C. § 1635(e). TILA defines "residential mortgage transactions" as those mortgages used to finance the acquisition of a consumer's dwelling. *Id.* § 1602(w). Because plaintiffs' loan was used to finance the acquisition of the Los Altos property, they have no right to rescind under § 1635.

3

1  reasonable opportunity to discover the fraud or nondisclosures." *King v. California*, 487 F.2d 910, 915 (9th Cir. 1986). Yet, the general nature of the transaction, along with disclosure statements and payment schedules, can place plaintiffs "on notice of the possible existence of a claim." *Kay v. Wells Fargo Bank*, 247 F.R.D. 572, 578 (N.D. Cal. 2007). The Abdollahis argue the statute should be equitably tolled because the defendants failed to disclose the true charges and fees and because plaintiffs were reasonably ignorant of the nondisclosure. However, at the time of their mortgage, the Abdollahis received a prominently labeled "Fixed/Adjustable Rate Rider" that provided the initial interest rate and how that rate would change over time. (Request for Judicial Notice Ex. 1.) Both plaintiffs initialed each page of this rider and signed the final page. (*Id.*) This disclosure document therefore placed plaintiffs on notice of a claim. The Abdollahis do not allege any other action that could have tolled TILA's statute of limitation, and thus they fail to state a claim for a TILA violation.

**C.     Claim Two: Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605 *et seq.*[4]**

Plaintiffs' second claim alleges that JPMorgan violated RESPA when it placed loans for the purpose of unlawfully increasing yield spread fees. They also allege that JPMorgan transferred or hypothecated their loan without notice in violation of § 2605(b). The Abdollahis request rescission of the loan,[5] compensatory damages, and attorneys' fees.

*1.     Statutes of Limitation*

As it did with the first claim, JPMorgan argues that plaintiffs' claims are beyond the applicable statute of limitation. RESPA includes varying statutes of limitation, depending on the section at issue. Plaintiffs pled a violation of RESPA's § 2605, but did not specifically identify which section of RESPA applied to their yield-spread claim. JPMorgan suggests it may be § 2607, which pertains to illegal fees, kickbacks, and real estate settlement service charges. § 2607(a)–(b). RESPA's statutes of limitation for these sections are three years for violations of § 2605 and one

---

[4] Plaintiffs' complaint consistently cited to the nonexistent 26 U.S.C. § 2605. The court reminds plaintiffs of the importance of citing to specific, and correct, statutory provisions in their complaint.

[5] Unlike TILA, RESPA does not provide for a rescission remedy under either § 2605 or § 2607. Plaintiffs have no right to rescind the contract under either section of RESPA.

4

year for violations of § 2607. 12 U.S.C. § 2614. Plaintiffs are within the three-year statute of limitation for § 2605, but are not within the one-year statute of limitation for § 2607.

### 2.    *Equitable Tolling*

As with their TILA claim, the Abdollahis assert that RESPA's one-year statue of limitation was equitably tolled. And again, they have not pled sufficient facts to support this assertion. Plaintiffs suggest in their opposition that JPMorgan "acted in a fraudulent manner with Plaintiffs." (Opposition 8:12–17.) Even so, the Abdollahis have not pled that JPMorgan engaged in any active conduct that impaired their ability to sue within the statute of limitation, nor pled any fraud with particularity. Fed. R. Civ. P. 9(b). Plaintiffs have thus failed to state a claim for violation of § 2607.

### 3.    *Notice*

Although plaintiffs are within the three-year statute of limitation for a claim under § 2605, they failed to plead sufficient facts that raise their claim beyond mere speculation. The Abdollahis allege that defendants Washington Mutual and JPMorgan "individually or jointly" transferred or hypothecated the mortgage's servicing contract without notice as required by § 2605(b). (Compl. ¶¶ 31.) Yet, plaintiffs pled no facts beyond this conclusory statement. They do not indicate how JPMorgan violated the requirements of § 2506(b), nor do they allege they were making payments to an incorrect entity in the absence of notice. The Abdollahis further failed to plead what actual damages they suffered as the result of a failure of notice. § 2605(f) (stating that individuals may recover actual damages that result from such failure). Plaintiffs thus fail to state a claim for violation of § 2605.

**D.    Claim Three: Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1602**

In its opposition, plaintiffs admit they are unable to maintain a claim for relief for a HOEPA violation. The court therefore dismisses this claim with prejudice.

**E.    Claim Four: Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692**

Claim four alleges violations of the FDCPA. Plaintiffs pled that they requested validation of their debt on several occasions, and that JPMorgan did not respond to those requests. JPMorgan

argues that the statute protects consumers from harassment in the debt collection process, but plaintiffs make no allegation JPMorgan attempted to collect a debt.

The Abdollahis fail to plead a claim for violation of the FDCPA. First, plaintiffs do not specify which section of the statute applies to their claim. The court cannot determine the plausibility of a claim when it does not know what section of the statute applies to the complaint. Second, plaintiffs pled that they requested validation from JPMorgan, but have not pled that it was in response to JPMorgan's initiation of debt collection nor tied the request in any way to debt collection activities. Such "lazy complaints" that make broad-brushed allegations do not inform the court of the facts that could constitute a plausible claim for relief.[6]

### F.     Claims Eight through Ten: Discrimination Claims

Claims eight through ten allege violations of various federal discrimination statutes: 42 U.S.C. § 1981 (claim eight); 21 U.S.C. § 1983 (claim nine); and 42 U.S.C. § 2000D (claim ten). The Abdollahis allege that the defendants refused to refinance their mortgage in September 2008 because of their Muslim religion and/or because of their national origin. Yet, the complaint again pleads no facts that raise any claim beyond a speculative level that JPMorgan discriminated against plaintiffs in their attempt to refinance their mortgage on these bases.[7] Indeed, plaintiffs offer nothing more than conclusory statements that cannot survive a motion to dismiss.

### G.     Claim Twelve: Declaratory Relief

The Abdollahis' final claim is one for declaratory relief. When there is an "actual controversy" between parties, a federal court may "declare the rights and other legal relations" of the parties. 28 U.S.C. § 2201. The standard used to determine whether there is an actual controversy is the same as the "case or controversy" requirement of the U.S. Constitution. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1993). Because this court will dismiss all of

---

[6] The court notes that because plaintiffs' counsel did not have the courtesy to appear at the hearing on this motion, it was unable to ask him questions that may have clarified the Abdollahis' claims.

[7] The court observes it is common knowledge that the credit market was very tight in the time frame that plaintiffs allege they were turned down for refinancing. They also pled that they were experiencing "cash flow problems" at the time (Compl. ¶ 19), which logically would make them less attractive to a potential lender. Indeed, they also allege that other potential lenders turned them down, too. The other potential lenders turned them down for legitimate reasons, but the defendant here did so on account of their religion or national origin? Curious. Where are the facts?

6

the federal claims in the complaint, there is no federal case or controversy over which the court may hear a claim for declaratory relief.

**H.     State Claims**

Plaintiffs' complaint also included several state claims. The court declines to exercise supplemental jurisdiction over these claims unless and until the Abdollahis adequately plead a federal claim. Accordingly, these claims are dismissed without prejudice, and plaintiffs may include them in an amended complaint that adequately states a federal claim.[8]

**ORDER**

For the reasons stated above, IT IS ORDERED THAT:

1. Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is granted as follows:

   a. This motion is granted WITHOUT LEAVE TO AMEND as to plaintiffs' third cause of action under 15 U.S.C. § 1602.

   b. This motion is granted WITH LEAVE TO AMEND as to plaintiffs' federal claims: the first, second, fourth, eighth, ninth, tenth, and twelfth causes of action.

   c. Plaintiffs may file an amended complaint within ten days of the date of this order.

2. The court declines to exercise supplemental jurisdiction over plaintiff's state law claims for its fourth, fifth, sixth, seventh, and eleventh causes of action and dismisses those claims without prejudice under 28 U.S.C. § 1367.

///
///
///
///

---

[8] Although the court is only looking to the federal claims at the present time, it encourages plaintiffs to evaluate the seemingly serious factual deficiencies in their state claims. Plaintiffs are well advised to ensure that their state claims also plead sufficient facts to raise plausible claims for relief.

7

3. The Case Management Conference currently scheduled for June 23, 2009 is continued to August 25, 2009.

Dated: June 15, 2009



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

**Notice will be electronically mailed to:**

| | |
|---|---|
| Timothy Douglas Thurman | tim.thurman@trinlaw.com |
| John M. Sorich | jsorich@adorno.com |
| Sung-Min Christopher Yoo | cyoo@adorno.com |
| Tuyet Thi Tran | ttran@adorno.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.