\*\* E-filed November 17, 2009 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AKBAR ABDOLLAHI and PARVIN ABDOLLAHI, individuals,<br><br>              Plaintiffs,<br>     v.<br><br>WASHINGTON MUTUAL, FA; WEST COAST FINANCIAL CORPORATION, a California corporation; JP MORGAN CHASE, a New York corporation; and DOES 1–100, inclusive,<br><br>              Defendants.<br>_____/ | No. C09-00743 HRL<br><br>**ORDER GRANTING DEFENDANT JPMORGAN'S (1) MOTION TO DISMISS AND (2) REQUEST FOR JUDICIAL NOTICE**<br><br>[Re: Docket Nos. 28, 29] |

      Plaintiffs Akbar and Parvin Abdollahi purchased a home in Los Altos, California in November 2006 using an adjustable-rate mortgage ("ARM Note") from Washington Mutual Bank ("Washington Mutual"). West Coast Financial Corporation ("West Coast") acted as the broker for the loan. The loan was secured by a deed of trust on the property with Washington Mutual as the beneficiary. In 2008, defendant JPMorgan Chase Bank, N.A. ("JPMorgan") acquired certain Washington Mutual assets and liabilities from the Federal Deposit Insurance Corporation, including—apparently—the Abdollahis' note and deed of trust. Plaintiffs later tried to refinance their loan, but were unsuccessful. The Abdollahis then instituted this lawsuit in 2009.

      Defendant JPMorgan, for itself and as the acquirer of certain Washington Mutual assets and liabilities, now moves to dismiss plaintiffs' First Amended Complaint ("FAC") for failure to state a

claim upon which relief may be granted. The Abdollahis failed to file any opposition to the motion or a statement of non-opposition, and they also failed to appear at the hearing. Upon consideration of the matter, the court GRANTS the motion.[1]

## PROCEDURAL HISTORY

In February 2009, the Abdollahis sued Washington Mutual, West Coast,[2] and JPMorgan, pleading twelve claims for relief based on federal and state law. JPMorgan moved to dismiss the complaint. (Docket No. 11.) Although plaintiffs opposed the motion, they did not appear at the motion hearing. This court granted JPMorgan's motion on June 15, 2009 with leave to amend within ten days. (Docket No. 21.)

After plaintiffs failed to meet this deadline, the court ordered them on July 24, 2009 to show cause why it should not dismiss the complaint for failure to prosecute. (Docket No. 22.) On the show cause deadline, plaintiff's counsel responded that he had "miscalendared" the date to file the amended complaint. (Docket No. 23.) The court then ordered plaintiffs to file their amended complaint as a separate docket entry by August 13, 2009. (Docket No. 25.) Plaintiffs missed this deadline as well, and did not file their First Amended Complaint ("FAC") until August 26, 2009. (Docket No. 27.) However, they neglected to file any of the exhibits listed in the FAC and further failed to file them even after the court ordered them to do so by October 14, 2009.

## LEGAL STANDARD

On motion, a court may dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The federal rules require that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The statement must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Yet only plausible claims for relief will survive a motion to dismiss. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). A claim is plausible if its factual content "allows the court to draw the

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties who have appeared in this action have expressly consented that all proceedings may be heard and finally adjudicated by the undersigned. Defendants who have not been served are not deemed "parties" to the action within the rules requiring consent to magistrate judge jurisdiction. See *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995); see also *United States v. Real Prop.*, 135 F.3d 1312, 1317 (9th Cir. 1998).

[2] Plaintiffs never served West Coast with the complaint. *See* Fed. R. Civ. P. 4(m) (allowing 120 days for service).

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1950. Therefore, simply tracking statutory language or raising general allegations of discrimination is insufficient to properly raise a claim for relief. *Twombly*, 550 U.S. at 555.

## DISCUSSION

### A. Request for Judicial Notice

As an initial matter, JPMorgan requests that this court take judicial notice of documents filed with the Santa Clara County Recorder's office describing the Abdollahis' deed of trust and associated riders. (Docket No. 29.) "A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment," as long as the facts are not subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *see also* Fed. R. Evid. 201(b). These documents, as reproduced from the Recorder's office, are not subject to reasonable dispute, and the court grants JPMorgan's request.

### B. Federal Claims

The FAC includes ten federal and state claims, including two federal claims that were not present in the original complaint. The court will first address the Abdollahis' federal claims.

#### 1. Claim 1: Truth in Lending Act ("TILA"), 15 U.S.C. § 1601

The Abdollahis allege that Washington Mutual and JPMorgan violated TILA because they "failed to disclose the true cost of plaintiffs' ARM Note in a clear, conspicuous, and accurate manner." (FAC ¶ 36.) They claim that the ARM Note and the Truth in Lending Disclosure Statement ("TILDS") that they received when they obtained their loan had contradictory "yearly rate" disclosures—6.625% on the ARM Note and 7.16529% on the TILDS. (FAC ¶ 28.) JPMorgan counters that the claim fails because the suit was brought after the statute of limitations.[3]

---

[3] JPMorgan also asserts it is not liable for any wrongdoing by Washington Mutual because it was not the originating lender on the Abdollahis' mortgage. However, the Abdollahis allege that JPMorgan voluntarily assumed Washington Mutual's liabilities in 2008 and is its successor in interest. Because a purchaser can assume the seller's liabilities where "there is an express or implied agreement of assumption," *see Ray v. Alad Corp.*, 19 Cal. 3d 22, 28 (1977), the court will assume for the purposes of this motion that JPMorgan could be liable for the federal violations alleged in the FAC.

3

The statute of limitations for actions brought under TILA is "one year from the occurrence of the violation." 15 U.S.C. § 1640(e). It is possible for this statute of limitations to equitably toll "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures." *King v. California*, 487 F.2d 910, 915 (9th Cir. 1986). Yet the general nature of the transaction, along with disclosure statements and payment schedules, can place plaintiffs "on notice of the possible existence of a claim." *Kay v. Wells Fargo Bank*, 247 F.R.D. 572, 578 (N.D. Cal. 2007).

The Abdollahis received the mortgage at issue in November 2006, but did not file suit until more than two years later, in February 2009. Nevertheless, the Abdollahis assert that the statute of limitations was tolled "due to defendants' fraudulent concealment of operative facts" and because they could not have reasonably discovered the violations as they "are not familiar with, and have no expertise with, mortgage transactions." (FAC ¶ 2.) However, at the time of their mortgage, they received a prominently labeled "Fixed/Adjustable Rate Rider" that provided the "initial fixed interest rate"—6.625%—and how that rate would change over time. (Request for Judicial Notice Ex. 1.) Both plaintiffs initialed each page of this rider and signed the final page. (*Id.*) This disclosure document placed plaintiffs on notice of a possible claim, especially if the "initial fixed interest rate" was not the same as the "yearly rate" that appeared on the TILDS.[4] Furthermore, the Abdollahis plead no facts to support their allegation of fraudulent concealment and do not allege any other action that could have tolled TILA's statute of limitations. Consequently, they fail to state a TILA claim.

### 2. Claim 2: Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601

Plaintiffs' second claim alleges that Washington Mutual and JPMorgan violated RESPA because they failed to provide the Abdollahis with a "Good Faith Estimate" or an "HUD-1 Settlement Statement." (FAC ¶¶ 41–42.) Although plaintiffs do not identify which sections of RESPA apply to these allegations, it appears that they fall under sections 2603 and 2604. 12 U.S.C. § 2603 (uniform settlement statement); § 2604(c) (good faith estimate). However, RESPA does not

---

[4] The court notes that the annual percentage rate ("APR") that appears in a TILDS usually is not the same as the interest rate that appears on the associated mortgage note because the APR considers costs such as finance charges and mortgage insurance. *See* 12 C.F.R. § 226.22 & app. J.

4

provide for a private right of action for violations of either section. *See* § 2614 (noting that actions may be brought in federal court for violations of sections 2605, 2607, and 2608); *Bloom v. Martin*, 865 F. Supp. 1377, 1384–85 (N.D. Cal. 1994), *aff'd on other grounds*, 77 F.3d 318 (9th Cir. 1996) (no private right of action for § 2603); *Collins v. FMHA-USDA*, 105 F.3d 1366, 1368 (11th Cir. 1997) (no private right of action for § 2604).

The Abdollahis also allege that Washington Mutual and JPMorgan violated RESPA when they paid West Coast an excessive yield-spread premium. Plaintiffs allege that this payment was "based on costs and fees that were not reasonably related to the services performed" by West Coast. (FAC ¶ 44.) This allegation appears to be a claim under § 2607. § 2607(a)–(b). JPMorgan again argues that this claim is beyond the applicable one-year statute of limitations because the Abdollahis received their mortgage in November 2006. 12 U.S.C. § 2614. The Abdollahis do not plead any facts concerning equitable tolling that are specific to this claim; instead, they rely on the same conclusory statements that they used for their TILA claim. (*See* FAC ¶ 2.) As a result, plaintiffs have failed to assert any equitable tolling and in turn, have failed to state a RESPA claim.

### 3.    *Claims 3 and 4: Federal Discrimination Claims*

Claims three and four allege violations of two federal discrimination statutes: 42 U.S.C. § 3605 (Fair Housing Act) and 15 U.S.C. § 1691 (Equal Credit Opportunity Act). The Abdollahis allege that even though they were "objectively qualified," the defendants refused to refinance their mortgage on account of their Muslim religion and/or because of their Persian ethnicity. (FAC ¶¶ 50, 55.) Yet just as with their original complaint that alleged the same discrimination under different federal statutes, the FAC utterly fails to plead any facts that plausibly suggest that defendants discriminated in any way against the Abdollahis in their attempt to refinance their mortgage. Plaintiffs do not indicate when they tried to refinance their mortgage, how they were "objectively qualified" to refinance, or what defendants did to suggest that any denial was based on impermissible discrimination. Indeed, plaintiffs offer nothing more than conclusory statements that cannot survive a motion to dismiss.[5]

---

[5] Even the plaintiffs themselves plead a more likely reason for any such denials: that their "principal loan balance [has] increase[d], thereby limiting plaintiffs' ability to obtain alternative home loan financing." (FAC ¶ 33.)

### *4.   Claim 10: Declaratory Relief*

The Abdollahis' final claim is one for declaratory relief. When there is an "actual controversy" between parties, a federal court may "declare the rights and other legal relations" of the parties. 28 U.S.C. § 2201. The standard used to determine whether there is an actual controversy is the same as the "case or controversy" requirement of the U.S. Constitution. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1993). Because plaintiffs have failed to state any federal claims for relief, there is no federal case or controversy over which the court may hear their request for declaratory relief.

### C.   State Claims

Plaintiffs' complaint also includes five state claims. As the court has dismissed all of the Abdollahis' federal claims, it declines to exercise supplemental jurisdiction over their state claims. *See* 28 U.S.C. § 1367(c).

### CONCLUSION

Based on the foregoing, JPMorgan's motion to dismiss is granted as follows:

1. This motion is granted with prejudice as to plaintiffs' first, second, third, and fourth claims.
2. The court declines to exercise supplemental jurisdiction over plaintiffs' state law claims and dismisses those claims without prejudice.

Judgment shall be entered for defendants and the clerk shall close the file. In addition, a copy of this order will be mailed directly to plaintiffs at the Los Altos property address that appears in the FAC.

**IT IS SO ORDERED.**

Dated: November 17, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

6

**C 09-00743** Notice will be electronically mailed to:

| | |
|---|---|
| John M. Sorich | jsorich@adorno.com |
| Sung-Min Christopher Yoo | cyoo@adorno.com, vdelgado@asands.com |
| Timothy Douglas Thurman | tim.thurman@trinlaw.com |
| Tuyet Thi Tran | ttran@adorno.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

7